```
                                                          CLERK'S OFFICE U.S. DIST. COURT
                                                               AT ROANOKE, VA
                                                                    FILED
              IN THE UNITED STATES DISTRICT COURT              MAY 23 2007
              FOR THE WESTERN DISTRICT OF VIRGINIA
                         ROANOKE DIVISION               JOHN F. CORCORAN, CLERK
                                                        BY:
                                                                DEPUTY CLERK
```

| | | |
|---|---|---|
| **CHRISTOPHER KIRK WEBB,** | ) | |
| Plaintiff, | ) | Civil Action No. 7:07-cv-00243 |
| | ) | |
| v. | ) | **MEMORANDUM OPINION** |
| | ) | |
| **CAPTAIN CHRIS YATES, et al.,** | ) | By: Samuel G. Wilson |
| Defendants. | ) | United States District Judge |

Plaintiff Christopher Kirk Webb, a Virginia inmate proceeding pro se, brings this action pursuant to 42 U.S.C. § 1983, with jurisdiction vested under 28 U.S.C. § 1343. Webb alleges that the defendants violated his constitutional rights by subjecting him to cruel and unusual living conditions.[1] Upon review of the record, the court finds that Webb has not stated a claim upon which relief can be granted and, therefore, dismisses his complaint without prejudice, pursuant to 28 U.S.C. § 1915A(b)(1).[2]

## I.

Webb alleges that he is forced to use fingernail, toenail, and hair clippers after other inmates without the clippers being put in bleach or other cleaning solution between each use. He also claims that he is forced to eat in his cell while he has a cellmate, which therefore means he has to eat while sitting on his toilet or on the floor. He claims that the jail facility has tables and seats that are not in use. He alleges that he only gets to bleach or disinfect his toilet and sink once a week. He also states that he never sees bleach or disinfectant put in the shower. He claims that there are hairs and

---

[1] While Webb names Captain Chris Yates, Lt. Doug Baker, and Corp. B. Belcher as defendants to his action, he fails to state how these defendants violated his constitutional rights. Nonetheless, even if Webb was afforded an opportunity to amend his complaint to particularize his allegations against the named defendants, his claims would still fail for the reasons stated herein.

[2] A petition may be dismissed under 28 U.S.C. § 1915A(b)(1) if it is clear from the petition that the plaintiff is not entitled to relief.

"all kinds of germs" in the showers and that dirty mop water is poured down the shower drains at night. Finally he alleges that jail authorities "fail to give us [a] law library, they say they will get us [a] library, but I have never [seen] it." As relief, Webb seeks $150,000 in damages and transfer to Bland County Penitentiary.

## II.

Although the Eighth Amendment protects prisoners from cruel and unusual living conditions, an inmate is not entitled to relief simply because of exposure to uncomfortable, restrictive, or inconvenient conditions of confinement, for, "[t]o the extent that such conditions are restrictive or even harsh, they are part of the penalty that criminal offenders pay for their offenses against society." Rhodes v. Chapman, 452 U.S. 337, 347 (1981). Therefore, in order to state a claim of constitutional significance regarding prison conditions, a plaintiff must demonstrate that the living conditions violated contemporary standards of decency and that prison officials were deliberately indifferent to those conditions. Wilson v. Seiter, 501 U.S. 294 (1991). In addition, a plaintiff must allege facts sufficient to show either that he has sustained a serious or significant mental or physical injury as a result of the challenged conditions or that the conditions have created an unreasonable risk of serious damage to his future health. Strickler v. Waters, 989 F.2d 1375, 1380-81 (4th Cir. 1993); Helling v. McKinney, 509 U.S. 25 (1993).

In the instant case, Webb alleges that he has to use unbleached clippers, eat with his cellmate in the cell while sitting on the toilet or the floor, disinfect his toilet and sink only weekly, and wonder if the showers have been properly cleaned. However, while these conditions may be uncomfortable and at times, inconvenient or even restrictive to Webb, he has not alleged anything to suggest that these conditions violate contemporary standards of decency. Moreover, Webb does not allege that he has suffered any actual harm as a result of any of the conditions nor does he allege that they may

cause him future injury. Accordingly, the court finds that Webb's allegations fail to state a claim under the Eighth Amendment.

### III.

Prisoners are guaranteed reasonable access to both state and federal courts. Ex parte Hull, 312 U.S. 456 (1941); see Procunier v. Martinez, 416 U.S. 396 (1974). However, to state a claim of violation of this right, a prisoner must show some interference with his right or some deficiency in the legal resources available to him, as well as evidence of actual injury or specific harm related to litigation. Lewis v. Casey, 518 U.S. 343 (1996); Strickler, 989 F.2d 1375. Webb alleges that he has been denied access to a legal library; however, he has failed to allege any facts which suggest that this alleged denial has caused him any actual injury or specific harm. Further, plaintiff's filing of the instant action suggests that his ability to correspond with the courts has not been hindered. Therefore, the court finds that he has failed to state a claim under the First Amendment.

### IV.

For the stated reasons, Webb's complaint is dismissed without prejudice pursuant to 28 U.S.C. § 1915A(b)(1) for failure to state a claim.

The Clerk of the Court is directed to send a certified copy of this Memorandum Opinion and accompanying Order to plaintiff.

ENTER: This 23rd day of May, 2007.

_____
United States District Judge